NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANSON ENGINEERING, INC., | |
| Plaintiff/Counter-Defendant, | |
| v. | CIVIL ACTION NO. 07-2651 (JLL) |
| ROBERT ASCHER, | OPINION |
| Defendant/Counter-Plaintiff. | |

**LINARES**, District Judge.

This matter is currently before the Court on Plaintiff/Counter-Defendant Hanson Engineering, Inc.'s ("Plaintiff" or "Hanson") motion to dismiss Defendant/Counter-Plaintiff Robert Ascher's ("Defendant" or "Ascher") amended counterclaim of July 13, 2007 (the "Amended Counterclaim") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Defendant had ample opportunity to oppose the motion, he did not do so.[1] Accordingly, the motion is deemed unopposed. The Court has reviewed Plaintiff's submission and renders its opinion without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.[2]

---

[1] The Court entered an order notifying Defendant, who is represented by counsel, that if he wished to oppose the motion, he must do so by January 11, 2008. Defendant failed to submit any response to the Court's order or Plaintiff's motion.

[2] The Court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1332. Because the Court is sitting in diversity, it will apply the substantive law of the state of New Jersey. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Am. Cyanamid Co. v. Fermenta Animal Health, 54 F.3d 177, 180 (3d Cir. 1995).

1

I.      **Factual and Procedural History**[3]

Plaintiff Hanson Engineering, Inc., a New Jersey corporation with offices in Wayne, New Jersey, was introduced to Defendant Robert Ascher as "experts and specialists in land development" by Plaintiff's attorney, Michael Rubin. (Am. Countercl., ¶ 10; see Compl.) Ascher, a Florida resident, owns plots of land in West Milford, New Jersey (the "Lots"). (Am. Countercl., ¶ 7.)

In late February and early March of 2003, legislation pending in front of the New Jersey Legislature – which came to be known as the Highlands Protection Act (the "Act") – threatened to "substantially limit[] development in the northwest portion of New Jersey," the area in which the Lots are located. (Id. at ¶ 8.) At this time, Defendant entered into negotiations with Arthur Hanson, Plaintiff's principal, to retain Hanson Engineering, Inc. to prepare a variety of plans (the "Plans") in connection with Defendant's application for subdivision approval of the Lots.[4] (Id. at ¶ 13.) On March 5, 2003, the parties entered in a written contract, which incorporated a February 24, 2003 proposal between the parties (the two documents taken together, the "Contract"). (Id. at ¶ 14.)[5] The Contract specified that the Plans were to be ready a maximum of eight weeks from

---

[3] The facts are culled from the Amended Counterclaim and taken as true for purposes of this motion. In adjudicating the instant motion, the Court considers the operative counterclaim and the pleadings. The Court also considers the contract between the parties, attached to Plaintiff's motion as "Exhibit A," because the Amended Counterclaim specifically references said contract. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Inc., 127 S.Ct. 2499, 2509 (2007); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); Knierim v. Seimens Corp., No. 06-9435, 2008 WL 906244, at *4 n.4 (D.N.J. March 31, 2008).

[4] The Lots are located in an area zoned for single-family homes. (Am. Countercl., ¶ 7.)

[5] In both his original counterclaim and each subsequent version of what Defendant titled his amended counterclaim, he states that the Contract is attached as "Exhibit A." However, none of the counterclaims submitted by Defendant contain any attachments. Plaintiff does attach the

March 5, 2003 (Pl. Br., Ex. A at 3), or by May 5, 2003 (Am. Countercl., ¶ 16).

Five months after the agreed-upon deadline, in October 2003, Mr. Hanson informed Ascher that the Plans were not complete. (Id. at ¶ 17.) According to the Amended Counterclaim, Hanson's failure to timely provide the Plans prevented Ascher from submitting his application to the Township of West Milford in time to be "exempted . . . from the affects of the Highlands Act." (Id. at ¶ 18.) Defendant claims that the value of the Lots in 2003 and 2004 was allegedly in excess of $6,000,000.00, but fell to approximately $150,000.00 after the Act came into effect. (Id. at ¶¶ 21-22.)

Based on the dispute between the parties, Hanson filed a complaint in the Superior Court of New Jersey, Law Division, Passaic County on May 4, 2007. On June 6, 2007, Ascher removed the action to this Court on the basis of diversity jurisdiction. Three days later, Ascher filed his answer along with a three-count counterclaim. Hanson submitted an answer to Defendant's original counterclaim. On July 13, 2007, Defendant filed a motion to amend its counterclaim to eliminate one count. Magistrate Judge Claire C. Cecchi granted the motion and the Amended Counterclaim was filed with the Court. On December 7, 2007, Plaintiff filed the instant motion to dismiss the Amended Counterclaim.[6]

## II. Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

---

Contract to his motion as "Exhibit A."

[6] Curiously, Defendant re-filed his original answer and counterclaim on July 26, 2007, three days after the filing of the instant motion. The Court will not consider the re-filing to reinstate the original counterclaim and will consider the Amended Counterclaim the operative pleading in adjudicating Plaintiff's motion.

3

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[7] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Plaintiff's motion.

---

[7] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

### III. Discussion

#### A. Count I

Despite Defendant's failure to oppose this motion, the Court "must address an unopposed motion to dismiss a [counterclaim] for failure to state a claim on the merits." See County of Hudson v. Janiszewski, 520 F. Supp. 2d 631, 649 (D.N.J. 2007). Plaintiff asserts that Count I of the Amended Counterclaim, Defendant's breach of contract claim, must be dismissed because Defendant fails to specify any duty Plaintiff owed to him which Plaintiff failed to perform. (Pl. Br. at 2.)[8] The Court agrees that the claim must be dismissed, but on grounds other than those asserted by Plaintiff.

To state a claim for breach of contract under New Jersey law, a party must set forth allegations showing (1) a contract existed between the parties, (2) a breach of that contract, (3) damages flowing from said breach; and (4) that the party stating the claim performed its obligations in accordance with the contract. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007); Peterpaul v. Reger, No. 07-1312, 2007 WL 4570321, at *2 (D.N.J. Dec. 26, 2007) (Linares, J.). Defendant sets forth allegations of the first three elements: on March 5, 2003, the parties entered into the Contract (Am. Countercl., ¶ 14), Hanson breached said contract by failing

---

[8] Plaintiff's moving papers do not contain page numbers and thus, the Court is unable to determine Plaintiff's compliance with L. Civ. R. 7.2(b). While it is not the Court's duty to count pages, for the sake of clarity and ease of reference, the Court cites to page numbers by the order of the pages, starting with page one on the first page as there is no cover page. The Court also notes that Plaintiff's brief does not comply with L. Civ. R. 7.2(b) as it contains neither a "Table of Contents" nor a "Table of Authorities." On this basis, the Court should dispose of the motion. However, to promote judicial efficiency and fairness, it will consider the motion.

Furthermore, Plaintiff does not point the Court to any caselaw in support of any of its arguments. While the Court does not condone such a practice, the Court will consider the arguments Plaintiff has made and employ the applicable law.

to meet the agreed-upon time deadline (id. at ¶¶ 18-19),[9] and Ascher suffered damages by way of a diminution in the value of the Lots (id. at ¶¶ 21-24, 25)[10]. Defendant has not, however, included allegations that assert his own compliance with the terms of the Contract. The Contract states that Defendant must pay a $5,000.000 retainer for the work to be commenced. (See Pl. Br., Ex. A at 2.) It further specifies conditions precedent to Plaintiff's performance regarding the continuing validity of certain documents (see id. at 1) as well as an estimate of the payment required for the work based on "a time basis" set out in a fee schedule (id. at 2). Nowhere in the Amended Counterclaim is there mention of Defendant's fulfillment of any of these obligations – payment of the retainer, verification of the validity of the documents, or payment for any work. Defendant has failed to allege any facts to assert that he has abided by the terms of the Contract and consequently, does not plead the fourth element necessary to state a claim for breach of contract. The Court grants Plaintiff's motion on this issue and dismisses Count I of the Amended Counterclaim without prejudice.

**B.   Count II**

In Count II of the Amended Counterclaim, Ascher brings a claim against Hanson for malpractice. To sustain a professional malpractice claim, a party must assert (1) the existence of

---

[9] Defendant alleges that Hanson made oral assurances prior to the execution of the Contract regarding the urgency of the time deadline. (Am. Countercl., ¶¶ 14-15.) While the parol evidence rule generally prohibits evidence of oral promises that contradict the terms of the contract, such evidence may be admitted to clarify the parties' intentions. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 256 (App. Div. 2002). Here, the terms of the Contract are explicit as to the deadline agreed upon between the parties and the Court need not consider the alleged conversations.

[10] It should be noted that the Amended Counterclaim does not contain a paragraph 23. However, the Court will read the paragraph numbers as specified by Defendant.

a relationship between the parties creating a duty of care, (2) a breach of that duty; and (3) proximate causation between said breach and any damages suffered by the party asserting the claim. Safier v. Walder, Sondak & Brogan, P.C., 2007 WL 1790707, at *7 (N.J. Super. App. Div. June 22, 2007) (citing McGrogan v. Till, 167 N.J. 414, 425 (2001); Conklin v. Hannoch Weisman, 145 N.J. 395, 416 (1996)). Under New Jersey law, engineers are considered professionals in the context of malpractice suits, see N.J. S.A. 2A:53A-26(e); N.J.S.A. 45:8-27, and owe a duty to perform the services for which they were retained in accordance with the standards of its profession, see Levine v. Wiss & Co., 97 N.J. 242, 248 (1984) (noting that engineers, among other professionals, "are required to perform the services for which they were engaged in good faith and with reasonable care and competence" (quotations omitted)).

Plaintiff argues that Defendant's malpractice claim cannot withstand a motion to dismiss because Defendant does not specify any duty that the parties agreed Plaintiff owed Defendant. (See Pl. Br. at 4.) The Court disagrees. Defendant asserts that Hanson (1) had a "professional relationship with Defendant, which imposed on it a duty to act with care and perform its services in a professional way" (Am. Countercl., ¶ 26) and (2) failed to perform said duty (id. at ¶¶ 27-28). These allegations taken with Defendant's contention that "Plaintiff's failure to act with due care" proximately caused the losses sustained by Defendant (Am. Countercl., ¶ 29) demonstrate Defendant's compliance with what is required by Rule 8 to state a claim for professional malpractice. Accordingly, the Court declines to dismiss Defendant's malpractice claim at this time and Plaintiff's motion to dismiss Count II is denied.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's motion to dismiss Defendant's Amended Counterclaim is granted in part and denied in part. An appropriate order accompanies this opinion.

Dated: April 16, 2008

                                                  Jose L. Linares
                                                  United States District Judge