**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

June 12, 2008

Christopher Bruschi
Law Office of Christopher Bruschi
P.O. Box 2097
Wayne, New Jersey 07474-2097

George J. Cotz
Cotz & Cotz, Esqs.
180 Franklin Turnpike
Mahwah, New Jersey 07430

Re:   **Hanson Engineering, Inc. v. Robert Ascher**, No. 07-2651 (JLL)

Dear Counsel:

This matter is before the Court by way of a June 2, 2008 letter from counsel for Plaintiff/Counter-Defendant Hanson Engineering, Inc.'s ("Plaintiff" or "Hanson"). In said letter, Plaintiff's counsel requests that the Court consider the argument that Count II of Defendant/Counter-Plaintiff Robert Ascher's ("Defendant" or "Ascher") amended counterclaim be dismissed for failure to comply with New Jersey's "Affidavit of Merit" statute, N.J.S.A. 2A:53A-26, *et seq*. The Court has parsed through the errors and omissions on the docket and has considered Plaintiff's request. For the reasons set forth below, the Court (a) grants Plaintiff's motion to dismiss Count II of Defendant's amended counterclaim and (b) *sua sponte* dismisses Count III of Defendant's counterclaim.

**I.   Procedural History**

The procedural history of this case is lengthy and somewhat unclear. Both parties have made omissions and errors, clouding the docket. Although the Court writes solely for the parties, it outlines the procedural history of this case in-depth for the sake of its own clarity.

On May 4, 2007, Plaintiff filed a complaint (the "Complaint") in the Superior Court, Law Division, Passaic County against Defendant. On June 6, 2007, Defendant removed the Complaint to this Court. Three days later, on June 9, Defendant filed an answer to the Complaint and a three-count counterclaim against Hanson (the "Counterclaim"), alleging breach of contract, professional malpractice, and a violation of the New Jersey Consumer Fraud Act ("CFA"). On June 27, Hanson submitted an answer to the Counterclaim and on July 11, Hanson filed a motion to dismiss the Counterclaim.

Thereafter, on July 13, Ascher filed both an opposition to the motion to dismiss as well as a motion to amend the Counterclaim. Attached to Defendant's motion to amend was a proposed amended counterclaim (the "Amended Counterclaim"). Ascher dropped Count III, the CFA claim, in the Amended Counterclaim. On October 22, 2007, Magistrate Judge Claire C. Cecchi signed an order, granting Defendant's motion to amend and directing Defendant to file the Amended Counterclaim within ten (10) days, i.e., by November 5, 2007.

On December 7, 2007, Plaintiff filed a motion to dismiss the Amended Counterclaim. In said motion, Plaintiff stated that "[a]lthough Defendant has failed to file the Amended Counterclaim within ten days of [Judge Cecchi's] Order as required, [P]laintiff is proceeding on the basis that the Amended Counterclaim will soon be filed." (Pl. Br. at 2.) In the same motion and by way of letter filed the same day, Plaintiff withdrew its July motion to dismiss.

On December 10, 2007, Defendant did not file the Amended Counterclaim, but instead re-filed his original three-count Counterclaim. Defendant's failure to file the Amended Counterclaim caused the Court difficulty in adjudicating the December motion to dismiss as said motion addressed a pleading never formally filed on the docket. The Court intended to cover every issue raised by Plaintiff in both the July and December motions to dismiss in its April 18, 2008 Opinion and Order for sake of completeness, but inadvertently did not address Plaintiff's argument as to dismissal of Count II for professional malpractice based on Defendant's failure to provide an "Affidavit of Merit" pursuant to N.J.S.A. 2A:53A-27.

On June 2, 2008, Plaintiff's counsel filed a letter requesting that the Court consider this argument. Upon review of the confusion on the docket, the Court considers Plaintiff's "affidavit of merit argument." The Court also reviews the questionable presence of Count III of the Counterclaim on the docket under its inherent powers to manage its docket.

**II.      Discussion**

      **A.      Count II: Professional Malpractice**

Plaintiff argues that the Court must dismiss Defendant's professional malpractice claim

2

because Defendant has failed to provide an "Affidavit of Merit." (Pl. Dec. Br. at 3-5.)[1] New Jersey's "Affidavit of Merit" Statute, N.J.S.A. 2A:53A-26, *et seq.*,[2] sets forth that

> [i]n an action for damages for . . . property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the . . . work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A:27.[3] The statute provides that "upon a finding of good cause," a court may grant one extension of time to the claimant, not to exceed 60 days. Id. Thus, a plaintiff is allowed a maximum of 120 days from the date defendant files an answer to submit the requisite affidavit of merit. Carletta v. Cowan, No. 03-5306, 2007 WL 203942, at *1 (D.N.J. Jan. 24, 2007) (Linares, J.); Knorr v. Smeal, 178 N.J. 169, 176 (2003) (stating that "a plaintiff must file an affidavit of merit within 120 days of the filing of the answer or face dismissal of the complaint, with prejudice, absent some equitable justification"). Because "a defendant is required to answer the amended [counterclaim] even if the new version does not change the charges against him," Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002), the limitations period begins to run on the date the defendant answers the counterclaim, see id.

      Here, Ascher filed the Counterclaim on June 9, 2007 and Hanson filed its answer to the same on June 27, 2007. Defendant then filed a motion to amend the Counterclaim on July 13, 2007, well within the requisite 60-day period for filing the affidavit of merit. Judge Cecchi granted Defendant's motion, allowing the Amended Counterclaim to be filed. Defendant then re-filed the original Counterclaim – not the Amended Counterclaim – on December 10, 2007. To date, there has been no answer to the re-filed Counterclaim: Plaintiff has only filed the December motion to dismiss addressing the never-filed Amended Counterclaim.

      The 120-day limitations period, in theory, would have begun to run on the date that Ascher filed the Amended Counterclaim. See Snyder, 303 F.3d at 276 (stating that "it appears that the [Affidavit of Merit] statute's purpose is best implemented . . . by establishing as the beginning point of the 120-day limitations period the date on which a defendant files his answer

---

[1] The brief accompanying Plaintiff's December motion to dismiss does not contain page numbers. While it is not the Court's duty to count pages, it will refer to the pages by number.

[2] See generally, Alan J. Cornblatt, P.A. v. Barrow, 153 N.J. 218 (1998), for a detailed discussion of the legislative history of the statute and its accompanying provisions.

[3] An engineer such as Plaintiff constitutes a "licensed person" for purposes of the statute. See N.J.S.A. 2A:53A-26(e).

3

to the final amended complaint"). If Defendant had correctly filed the Amended Counterclaim, the Court would have concluded that no affidavit of merit was yet required as Hanson has not answered said pleading. However, whether mistakenly or not, Defendant re-filed the Counterclaim, making it the only operative pleading on the docket. Thus, the 120-day period (1) began on the date that Hanson answered the Counterclaim, i.e., June 27, 2007, and (2) has long-since expired: Ascher has not filed any Affidavit of Merit to date in response to Hanson's answer to the Counterclaim. Consequently, the Court grants Plaintiff's motion to dismiss Defendant's professional malpractice claim (Count II) with prejudice.

### B. Count III: New Jersey Consumer Fraud Act

By filing the Amended Counterclaim, Defendant represented to the Court that he wished to abandon his CFA. However, upon filing a pleading pursuant to Judge Cecchi's order directing the filing of the Amended Counterclaim, Defendant re-filed the Counterclaim that contains the CFA claim (Count III). Thus, based on the Court's inherent power to control its docket and in the interest in efficient judicial administration, the Court finds that Defendant cannot resurrect his claim merely be re-filing the original Counterclaim and dismisses Count III of the Counterclaim accordingly. See Eash v. Riggins Trucking Inc., 757 F.2d 557, 567 (3d Cir. 1985) (stating that "[a] court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases").

### III. Conclusion

For the aforementioned reasons, the Court dismisses Defendant's professional malpractice claim (Count II) and its claim under the CFA (Count III). There are no remaining counts in the original Counterclaim or the Amended Counterclaim. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge, D.N.J.